**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                 CRIMINAL ACTION NO. 23-00214-12

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

TREVOR OSIFO                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 845) filed by Defendant, Trevor Osifo ("Osifo"). The United States has filed a response in opposition. See Record Document 879. For the reasons set forth below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

On May 14, 2024, pursuant to a written plea agreement, Osifo pleaded guilty to guilty to count one of the indictment charging him with conspiracy to distribute and possess with intent to distribute marijuana. See Record Document 413. According to the Presentence Investigation Report, Osifo was held responsible for approximately 377.39 kilograms of marijuana. See Record Document 631 at 13. His total offense level was 23, and his criminal history category was VI, resulting in an advisory guideline range of 92 to 115 months. See id. at 13, 20, & 26. On January 29, 2025, the Court sentenced Osifo to 72 months of imprisonment, to run consecutively to a state sentence. See Record Document 643.

Osifo now seeks relief under § 2255, asserting that recent changes in sentencing law and guidelines would result in a lower sentence if he were sentenced today. See

Record Document 845. He requests that the Court resentence him or reduce his sentence accordingly. See id. at 7.

## LAW AND ANALYSIS

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In a § 2255 motion, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Osifo's Motion does not fall within any of these categories. His arguments center on alleged changes to the Sentencing Guidelines and his belief that he would receive a lesser sentence if sentenced today. Such claims are not cognizable under § 2255. It is well established that the technical application of the Sentencing Guidelines does not provide a basis for relief under § 2255. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Rather, such relief must be pursued under 18 U.S.C. § 3582(c)(2).

Even if the Court were to construe Osifo's Motion as one brought under § 3582(c), Osifo has failed to identify any amendment that is retroactively applicable to his sentence. The Government correctly notes that recent amendments do not apply to Osifo and are not listed as retroactive under U.S.S.G. § 1B1.10. See Record Document 879 at 5.

2

Accordingly, Osifo has failed to demonstrate that he is entitled to relief under § 2255.

**CONCLUSION**

Based on the reasons explained above, Osifo's Motion (Record Document 845) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT
